UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

LARRY LIPHFORD,

        Petitioner,

v.                                       Case No. 09-CV-268

RICHARD RAEMISCH,

        Respondent.

———————————————————————————

## ORDER

On March 10, 2009, Larry Liphford ("Liphford") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). In 1979, Liphford was convicted of first degree murder and sentenced to life imprisonment. He is currently confined to the Waupun Correctional Institution. The court now reviews Liphford's petition.

Rule 4 of the Rules Governing § 2254 Proceedings requires the district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Proceedings. In his petition, Liphford alleges that his Fifth and Fourteenth Amendment rights were violated when the Wisconsin Department of Corrections ("DOC") significantly altered the terms of his confinement without due process of law. Specifically, Liphford alleges that the DOC improperly revoked his work release privileges after finding Liphford had sexually assaulted a fellow inmate. Liphford asks the court to reverse the DOC's decision and reinstate his early release privileges.

Based on these allegations, the court finds that Liphford is not entitled to habeas relief under 28 U.S.C. § 2254. Liphford is not seeking his release from custody pursuant to a state court judgment. Rather, the court deems Liphford's case to be more appropriately brought under civil rights law. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (holding that a prisoner challenging denial of work release should bring claim under civil rights law rather than a habeas petition). Moreover, the court does not consider Liphford's petition to be amenable to recharacterization as a civil claim under 42 U.S.C. § 1983. *See Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (allowing court to recharacterize habeas petition as civil rights claim without dismissal). Under 42 U.S.C. § 1983, a plaintiff must bring suit against persons, in their individual capacity, whose wrongful and unconstitutional acts harmed the plaintiff. *Id.* at 389. Liphford's petition only names Richard Raemisch in his official capacity as Secretary of the Wisconsin Department of Corrections. Liphford's petition appears to allege misconduct against officials other than Raemisch. As a result, the court will dismiss Liphford's petition without prejudice. A dismissal will allow Liphford the opportunity to name all of the proper defendants, and to allege a claim under 42 U.S.C. § 1983.

Pursuant to the teachings of the Seventh Circuit in *Glaus*, Liphford is reminded that the court is not making a decision on the ultimate merits of his case, and that Liphford is free to refile his case under the appropriate legal label. *Id.* at 389-90. The court also reminds Liphford that if he chooses to refile his claim, he will be

subject to the Prisoner Litigation Reform Act, with its rules and consequences. *Id.* at 390. If Liphford chooses to refile his case, he is encouraged to utilize this district's standard forms for *pro se* actions brought under 42 U.S.C. § 1983. These forms and directions for their preparation are provided without charge by the clerk of the court. *See* Civil L.R. 9.2.

Accordingly,

**IT IS ORDERED** that Liphford's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DISMISSED** without prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge